**State of Vermont**
**Superior Court - Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Lake Champlain Bluegrass Festival JO (#6-007; recon.)**  **Docket No. 204-11-10 Vtec**
**(Appeal from District 6 Environmental Commission Jurisdictional Opinion)**

Title: Motion to Alter or for Relief from Judgment (Filing No. 4)

Filed: January 12, 2012

Filed By: Interested Person Natural Resources Board Land Use Panel

Response in opposition filed on 1/20/12 by Appellees/Applicants Steven Palmer; Loren
 Palmer; Haybale Entertainment, LLC; and Windmill Bay Farms, LLC

Reply filed on 1/30/12 by Interested Person Natural Resources Board Land Use Panel


___ Granted      _X_ Denied      ___ Other

   Before us is a motion by the Land Use Panel of the Vermont Natural Resources Board
("NRB") requesting that the Court either alter our final judgment in this appeal under V.R.C.P.
59 or, alternatively, provide relief from the judgment under V.R.C.P. 60(b)(6).  After a site visit
and trial of an appeal from an Act 250 Jurisdictional Opinion, the Court issued a Decision on the
Merits and a Judgment Order, finding that the activities of the Lake Champlain Bluegrass
Festival ("the Festival") are de minimus activities exempt from the definition of "development"
under 10 V.S.A. § 6081(a) and thus are not within Act 250 jurisdiction.  The Court therefore
concluded that the Festival need not obtain an Act 250 permit, based upon the factual
representations presented at trial.

   In its pending motion, the NRB specifically requests that the Court reconsider its
decision and find that the controlling Act 250 Rule is the version of the Rule in effect at the time
the Festival's "construction" first began.  Based on its assessment of what version of the Rule
applies, NRB asks that the Court find that Act 250 jurisdiction attached to the Festival property
in 2006 and continues to exist today.

   V.R.C.P. 59(e) allows parties to ask the Court to change its judgment "to rectify its own
mistakes in the period immediately following the entry of judgment."  N. Sec. Ins. Co. v. Mitec
Elecs., Ltd., 2008 VT 96, ¶ 41, 184 Vt. 303. It is ultimately within the Court's discretion whether
to grant a Rule 59 motion, and we have identified four principal reasons for doing so: (1) to
correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or
previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an
"intervening change in the controlling law."  Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08
Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.)
(quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1);
Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially

identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule.").

NRB argues that the Court's decision will add uncertainty to Act 250 jurisdictional questions and is against public policy. NRB also contends that the Court misinterpreted or ignored relevant statutory and case law. In response, the Festival argues that NRB merely reiterates arguments it made in its post-trial memoranda and raises no new issues.

We agree with the Festival. NRB has not made any showing of an error of law or fact, new evidence, injustice, or change in the controlling law that would warrant an alteration of our previous Decision and Judgment Order. Instead, NRB's arguments here mirror and at times directly quote its pre- and post-trial memoranda. In its motion to alter, NRB refers to the memoranda and supports its arguments with many of the same cases and statutes that it cited therein. NRB also fails to present new evidence that is newly discovered or was previously unavailable. We find that none of NRB's arguments fit within the parameters for reconsideration under V.R.C.P. 59(e). Moreover, NRB's mere disagreement with this Court's reasoning is unavailing. See In re Stormwater NPDES Petition, No. 14-1-07 Vtec, slip op. 3-4 (Vt. Envtl. Ct. Feb. 18, 2009) (Durkin, J.) ("Disagreement between the moving parties and the Court is not grounds for reconsideration.").

Finally, to the extent that NRB suggests that the Court's decision will result in "uncertainty" and the "blurring [of] lines drawn by Supreme Court precedent" in the Act 250 process, (NRB Mot. to Alter or for Relief from Jud. at 12, filed Jan. 12, 2012), we reiterate that this case presents a peculiar and unique factual context and therefore think it unlikely that its effects will be as far-reaching as NRB fears. If the Festival resumes in future years with more extensive improvements than those completed to date, NRB, in fact "any person," could request that the District Coordinator render a new jurisdictional opinion. 10 V.S.A. § 6007(c).

We also find NRB's perspective particularly troubling because the undisputed evidence reveals that the Festival organizers received assurances as early as 2006 from John Wakefield, the then-NRB Permit Compliance Officer, that no Act 250 permit was required for the Festival activities. NRB now asserts that only "final" determinations should be relied upon by the inquiring public. Such attitudes toward state land use permitting can cause private individuals, unfamiliar with the intricate inner workings of NRB analysis, to look upon the permitting process with frustration.

Lastly, NRB asserts that the Court's reliance upon Audet for applicable precedent is misplaced, since Mr. Audet chose to cease his "bad neighbor" activities. In re Audet, 2004 VT 30, ¶¶ 3, 12, 176 Vt. 617. But these two fact patterns are more similar than the NRB cares to admit. In fact, because of the appeal taken from the District Coordinator's determination that Act 250 jurisdiction did not apply to the Festival activities, the Festival was cancelled for last August. There were no representations at trial that the Festival would resume in future years, and we suspect that its resumption becomes less likely as this litigation continues. We see the Festival activities as less intrusive than Mr. Audet's site work, which the Supreme Court concluded did not trigger Act 250 jurisdiction, even in the absence of a de minimus exception rule. And yet, NRB would have us conclude that Act 250 jurisdiction attaches because of the Festival activities, but not because of Mr. Audet's activities. We decline to adopt this reasoning. See Springfield Terminal Ry. Co. v. Agency of Transp., 174 Vt. 341, 348 (2002) (indicating that courts are encouraged to avoid interpretations that will lead to absurd or irrational results).

Consequently we **DENY** NRB's request to alter our Decision and Judgment Order in this appeal pursuant to V.R.C.P. 59.  Further, although NRB also requests that we provide relief from the judgment under V.R.C.P. 60(b)(6), we note that Rule 60 "is intended to provide . . . relief from a judgment after the time for a motion under Rule 59 has run."  Reporter's Notes, V.R.C.P. 60.  Because NRB timely filed its motion to alter pursuant to Rule 59, we decline to consider its request for relief from judgment under Rule 60 and therefore declare it **MOOT**. Our Decision and Judgment Order of January 3, 2012 remain unchanged and in full force and effect.

_____          _____February 23, 2012_____
           Thomas S. Durkin, Judge                                    Date

=================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

  Joseph F. Cahill Jr., Attorney for Appellants Rene R. Prairie and Louise Prairie

  Liam L. Murphy, Attorney for Appellees Loren Palmer; Steven Palmer; Haybale Entertainment, LLC; and Windmill Bay Farms, LLC

  John H. Hasen, Attorney for Interested Person Natural Resources Board Land Use Panel